PLEASANT H. GRINSTEAD et al. *v.* B. C. BUCKLEY.

1. CHANCERY: SPECIAL CHANCELLOR.—It is no violation of the maxim " that no man should be a judge in his own cause," for the chancellor, under the provision of the statute, to select, by lot, a member of the bar to try a cause in which he may be interested, and to sign and cause to be entered in the proceedings of his court, a decree so rendered.

2. SAME.—The functions of a member of the bar, selected to try a cause in which the chancellor is interested, are ministerial rather than judicial—his decree having no validity until signed by the chancellor.

3. CHANCERY: APPOINTMENT OF SPECIAL CHANCELLOR NOT VOID.—The constitutionality of the statute, (Hutch. Dig. 772, art. 12,) which authorizes the selection of a member of the bar to try and determine causes in which the chancellor may be interested, and requires the chancellor to sign and cause to be entered and recorded, all decrees and orders so made, is a subject on which doubt may be well entertained; and that is a sufficient reason for this court to decline holding it void; and especially, since it has been extensively acted upon in practice, and many important rights have acrued under decrees rendered under its operation.

APPEAL from the District Chancery Court, at Monticello, D. W. Hurst, Esq., special vice-chancellor.

*J. F. Fonte*, for appellants.

*W. P. Harris*, for appellee.

HANDY, J., delivered the opinion of the court.

This was a bill filed by the appellants in the Southern District Chancery Court, at Monticello, to enjoin certain judgments at law obtained against them by the appellee.

The only question of any importance, in this case, is that in relation to the regularity and validity of the decree below with

reference to the statute passed on the 20th February, 1840, (Hutch. Code, 772,) respecting suits in the Chancery Court.

It appears by the record, that the vice-chancellor for the Southern District, was the defendant in the suit; and that when the cause came on for final hearing, the vice-chancellor being incompetent to sit in it, and the complainants being unwilling that it should be heard and decided by any member of the bar, four members of the bar were designated by the vice-chancellor, of whom one was selected by lot to hear it, and it was heard by him, and a decree made by him in conformity to the provisions of the above mentioned statute, the complainants objecting to the cause being heard by the person so selected; the decree was signed by the vice-chancellor, and the proceedings entered as if conducted before him, according to the provisions of the statute.

The objection made to the validity of the decree is, that the statute under which a member of the bar was selected to hear and determine the cause, is void; because it provides, in effect, for the appointment of a judicial officer unknown to the Constitution, and in opposition to its provisions.

Looking to the form of the proceeding, it must be regarded as a regular judicial act of the vice-chancellor. The proceedings appear by the record to have been held in due form before him, and the decree, though proceeding from the judgment of the person selected to act in the matter, is signed by him as a decree of the court. But the record also shows that he was a party to the suit, and therefore incompetent to sit in judgment upon it; and the question is whether the decree was void for that reason under the circumstances of the case.

It is a general principal, both of natural justice and of the common law, that *no man should be a judge in his own cause;* and if any substantial act were required to be done by the vice-chancellor, deciding or affecting the matter in controversy, the power conferred by the statute could not be sustained. But the acts which he is required to do are merely of a formal nature. He is required to have a selection made by lot, from four members of the bar in attendance on the court, not interested in the cause, nor related to the parties; and when the decision shall have been made, to

sign the decree as if made in the usual course of proceedings in the court. He is compelled to sign the decree as his regular judicial act, at all events, and though it be adverse to him. He but gives force and effect to a decree which is the emanation of another, and a disinterested judgment. The proceeding is thus freed from the objection of prejudice and the sway of self-interest, which are the grounds of the unfitness of a judge to decide his own cause; and the reason upon which such incompetency is founded ceases.

Is there any valid objection, then, on the ground that the decree is, in substance, the act of a person not clothed with judicial power under the Constitution? It has not either the force or effect of a judicial act, until signed by the chancellor; and the statute cannot, therefore, be said to create a new judicial officer unknown to the Constitution. His power ceases when he makes and renders his decision, and his act *is* not more than ministerial until it is rendered judicial by the adoption of the chancellor in the mode prescribed by the statute. In principle and in legal effect, his decision is no more a judicial act than that of a master in chancery upon a matter referred to him under the ordinary practice of Courts of Chancery. It derives all its legal force and character from the adoption of the chancellor, which, though formal, is yet essential as rendering it the act of the duly constituted judicial tribunal.

Under these views of the subject, we are not prepared to declare the statute unconstitutional. Its constitutionality is at least a subject upon which doubt may be well entertained; and that is a sufficient reason for our declining to hold it void. In addition to this, it has been extensively acted upon in practice, and important rights must have accrued under decrees rendered under its operation. The mischief that would result from a judgment declaring it void, would be most serious to the community. These are considerations not to be disregarded in acting upon questions of this nature, and when the statute is not considered to be clearly unconstitutional.

Several other objections are raised to the decree; but we consider them untenable except so far as they relate to the sums allowed as damages, or the dissolution of the injunction. These sums exceed the amounts to which the defendant was legally enti-

tled, and although they are small, the decree must be reversed, and a decree rendered here for the proper amounts, being five per cent. upon the amounts of the judgments enjoined—each party paying half the costs.

Let a decree be entered accordingly.