Statement of the case.

ILLINOIS CENTRAL RAILROAD CO. v. EDA BOWLES.

1. BILL OF EXCEPTIONS. *Special judge. Signing. Code* 1892, § 736.

Where, owing to the temporary inability of the circuit judge, a special judge is commissioned, under § 165, constitution 1890, to preside at a term of the circuit court, a bill of exceptions in a case tried at such term, though presented afterwards, in accordance with § 736, code 1892, for the signature of the "judge of the court," must be signed by the special judge who presided at the trial, and not by the regular judge.

2. SAME. *Special judge. Informal signing. Sufficiency.*

In such case, where the special judge indorses, though in pencil and without date, "O. K." on the extreme lower margin of the last page of the bill, signing his name thereto, without official designation, for the purpose of satisfying the regular judge that it is correct, and the latter signs it formally, the signing by the special judge will be deemed sufficient, though not so intended by him, and the other signature will be treated as surplusage.

FROM the circuit court of the second district of Yalobusha county.

HON. WILLIAM C. McLEAN, Special Judge.

Motion in supreme court to strike out a bill of exceptions. Appellee recovered a judgment in the court below against appellant, and a motion for a new trial was overruled. After the term, but within the time allowed by the statute, the draft of a general bill of exceptions, made up from the notes of the proceedings and evidence taken down by the court stenographer, in accordance with § 736, code 1892, was, by counsel for appellant, presented to the Hon. Eugene Johnson, the regular judge of the court, for his signature. He referred it for examination to the Hon. William C. McLean, who had presided as special judge for the term at which the case had been tried. After some corrections, he indorsed, in pencil and without date or official designation, on the left lower

margin of the last page, the following: "O. K., W. C. Mc-
Lean." A space was left for the signature of the judge at
the usual place, and, thereupon, the bill of exceptions was
returned to the regular judge, who signed it officially, and
the same was filed and copied in the transcript on appeal. It
is shown that the special judge did not sign the bill formally,
because the attorney for appellant desired the signature of
the regular judge, and not his.

This motion is made by appellee to strike out the bill of
exceptions, on the ground that it was not properly signed.

The opinion contains a further statement of the facts.

*Chapman & Chapman, R. F. Kimmons* and *Calhoon & Green,*
for motion,

Filed separate briefs, reviewing the different sections of
the code at length, and making the following points:

1. The special judge was commissioned to hold the term
of court by virtue of § 921, code 1892, and, under it, all the
" proceedings " are to be as if he were the " regular judge of
the court." Certainly, signing a bill of exceptions, to certify
what has been done, is part of the proceedings in a case.
The law is very different under § 920 of the code, where a
special judge presides in a particular case, and in reference
to which it is expressly provided that the proceedings are to
be as if the case had been heard before the regular judge.
The very language of § 921, however, requires the contrary
course. Besides, the common sense of the matter demands
that the judge who presides, and has full control of the
court, should certify all the proceedings therein. In the
nature of things, no one else would be capable of doing this.
On this point, see *Watkins* v. *State,* 37 Ark., 370; 40 *Ib.,* 172.

2. The special judge was commissioned to hold the term
of court, and complete the trial of all cases therein, and not
merely to try particular cases or to perform particular acts.
As to the term, and all cases disposed of therein, he was the
regular judge. The presiding judge must sign bills of excep-

tion. *Graves* v. *Monet,* 7 Smed. & M., 45; *Bank* v. *Johnson,* 56 Miss., 126. He did not become *functus officio* by the mere expiration of the term. He still had authority to sign bills of exception, in cases tried by him, within the time allowed by the statute. 12 Am. & Eng. Enc. L., p. 26, and cases cited; 22 Fla., 46. We therefore contend that the law required that the bill of exceptions should be signed by the judge who presided during the term, and that the signing by Judge Johnson was a nullity. Under § 736, code 1892, McLean was the regular judge of the court, and it devolved upon him to sign all bills of exceptions in cases tried during the term at which he presided.

3. The bill of exceptions was not signed by the special judge. It was not presented to him for his signature, as required by the statute, but was presented to Judge Johnson, who merely referred it to him for information. Indorsing on it informally " O. K.," followed by his signature, without date or official designation, was not a signing within the contemplation of the law. *VanBuren* v. *State,* 24 Miss., 512; *Railroad Co.* v. *Ragsdale,* 51 *Ib.,* 447; Code 1892, § 733. The bill becomes a part of the record on being signed. Filing is not necessary. *Kimball* v. *Mitchell,* 57 Miss., 632. There is nothing to show that McLean, as special judge, ever intended to sign or certify the bill of exceptions officially, but the contrary of this appears. This court can take no notice of the individual who happens to be judge. His acts must be certified officially. Code 1892, §§ 539, 1774, 1796. The bill was not presented to McLean for his signature as special judge. A paper signed by the judge of his own motion cannot be considered a bill of exceptions: *Helm* v. *State,* 66 Miss., 537. Signing by the judge in vacation must be by consent under the old law. *Williams* v. *Ramsey,* 52 Miss., 851. This paper is either a bill of exceptions, or it is not. It cannot be corrected by the judge below, or by this court. 58 Miss., 828; 62 *Ib.,* 606; 59 *Ib.,* 613. That the bill must be signed as the official act of the judge, see Freeman on

Judgments, § 413; 4 McLean, 199; 1 Or., 49; 24 N. J. L., 752; 57 Miss., 633.

4. If McLean was *functus officio* after the term expired, then there was no authority for either judge to sign the bill of exceptions.

This court has nothing to do with the hardship of the case, but can only pronounce the law as it is. The appellant was not misled by court or counsel, but failed to obtain a bill of exceptions in the manner required by law.

*Mayes & Harris, contra.*

1. The evidence and proceedings were noted by an official stenographer, and the bill of exceptions was required to be made up in accordance with § 736, code 1892, and signed by the regular judge of the court, not from memory or personal knowledge, but from the stenographer's notes.

2. At the time of the adoption of the code, it was the settled law that the regular judge should sign the bill. *Rankin Bank* v. *Johnson*, 56 Miss., 125.

Section 736 dispenses with all necessity for the bill to be signed by the special judge who presided. It is to be made up from the stenographer's notes, and that was done in this case.

3. The functions of the special judge expired with the term of court he was commissioned to hold. Meacham on Public Officers, §§ 396, 405; 1 Cooley's Blackstone, p. 124.

4. The proceedings referred to in the last clause of § 921, code 1892, are those arising during the term. They do not include acts to be done afterwards in vacation. A judge cannot sign a bill of exceptions after his term expires. *Phelps* v. *Conant*, 30 Vt., 277.

In this state a judge does not hold over after expiration of his term. 53 Miss., 314.

5. The statute relating to the manner of preparing and signing bills of exception, being remedial, the court will not give it a rigid construction. There being no laches, and the

objection being purely technical, the court will accept the bill, to prevent a failure of justice.   22 Fla., 46 ;  *Jobe* v. *Railroad Co.*, recently decided by this court on motion ;  Powell on Appellate Pro., p. 236, §§ 37, 238 ;  *Rankin Bank* v. *Johnson, supra; Railroad Co.* v. *Ragsdale*, 51 Miss., 447 ;  21 Wis:, 321.   We submit, therefore, that the bill of exceptions was properly signed by the regular judge of the court.

6. But, if the special judge was the proper one to sign the bill of exceptions, we insist that he has done so.   The sole object of a bill of exceptions is to perpetuate a history of facts *in pais*.   *Van Buren* v. *State*, 24 Miss., 512.   W. C. McLean, having been commissioned to try the case, it will be presumed that his signature was intended to be affixed officially to the bill of exceptions.   Signing only is required. Sealing or certifying is unnecessary.   103 Ind., 96 ;  9 Mo., 270 ;  Fry on Specific Performance, 235.

Signing in pencil is sufficient.   14 Johns. (N. Y.), 484.

Absence of official designation is immaterial.   1 Bish. Cr. Pro., § 703.   Signing a bill of exceptions is a ministerial act. It is immaterial that the judge did not think his signature would be sufficient.

*I. T. Blount*, on the same side.

The bill of exceptions was signed by the proper judge. Code 1892, § 736.   The regular judge of the court is to sign, just as the regular chancellor, and not a special chancellor, is to sign bills of exceptions in the chancery court, under § 555 of the code.

Where the evidence and proceedings are not taken down by an official stenographer, the regular judge may call on the special judge for information before signing.   He simply has to satisfy himself that the bill is correct.

*Edward Mayes*, on the same side.

In answer to the argument of opposite counsel that the special judge was the proper one to sign a bill of exceptions

taken during the term, I submit that, in a case like this, where the evidence and proceedings are taken down by an official stenographer, neither the regular judge nor the special judge could sign a general bill during the term, or within ten days, under § 735, code 1892.

Bills of exception are purely statutory. Now, § 736 expressly provides that the preceding provisions as to the time when bills shall be signed shall not apply where the proceedings and evidence are noted by the stenographer, and it directs that bills taken under it are to be signed *after* the term. This is the only authority for incorporating in a bill of exceptions the matters required to be noted by the stenographer. It makes no provision for signing during the term. This may be a bad rule, but *ita lex scripta.*

Argued orally by *S. S. Calhoon* and *W. S. Chapman,* for motion; *J. B. Harris, contra.*

CAMPBELL, C. J., delivered the opinion of the court.

William C. McLean, Esq., was commissioned by the governor, in pursuance of § 165, constitution 1890, to preside at the December term, 1893, of a circuit court, and presided and tried this case. The bill of exceptions, as appears from the transcript, was signed by the regular judge of the court, and the motion is to strike it out for that. This presents the question by whom is the bill of exceptions, prepared and tendered after the expiration of the term, to be signed so as to make it part of the record? It has been attempted in this state to regulate, by express statutory enactment, the preparation and signing of bills of exception. Ordinarily, there is no place for doubt as to who should sign. The diversity of view shown by this case, arises from the fact that a specially commissioned judge presided and the regular judge signed the bill of exceptions; and it is contended that this is in conformity to § 736, code 1892, which, in providing for presenting the bill to the "judge of the court," means

the regular judge; and it is claimed that this language is not appropriate as applied to the special judge. The sections of the code to be considered are 733, 735, 736, 920 and 921. It is apparent that the primary idea as to who should sign a bill of exceptions, is that the judge whose decision is excepted to should sign, and this accords with the fitness of things, and is plainly contemplated by the first two sections cited. A different idea would have to be clearly disclosed by other sections to justify a disregard of what is plainly provided for by what has gone before. The ground for contention is found in the other sections. The terms, "judge of the court," used in § 736, apply as well to the special judge as to the judge of the district, who is mentioned in the constitution in several places as judge of a court. It seems to us to apply in this section (736) to the special judge. He is judge of the court, and the proper person to do all that pertains to the court at which he presides, and to him any bill of exceptions to his rulings should be presented, and he is to sign. This is in harmony with the subject. The law might provide any appropriate mode of making a bill of exceptions, but it comports with propriety that he whose actions are excepted to should certify what it was, so as to speak for himself in that respect. We think this view is an obvious one from the sections discussed, but when §§ 920 and 921 are referred to, all doubt must be removed. Section 920 provides that when a member of the bar is selected and presides, no notice of it shall be taken, and no entry on the record of this be made, but the "records, minutes and proceedings shall be and appear, in all respects, as if the cause had been heard and determined before the judge," etc. It has been decided that signing a bill of exceptions is part of the proceedings.

Section 921 was intended to carry into effect § 165 of the constitution. It was wholly unnecessary, for the constitutional provision was effective without legislation. It does not accurately express the provision of the constitution in

several particulars, and is not a safe guide to effectuating the constitution on this subject, but, of course, the constitution governs wherein the statute fails to conform to it. The requirement of the section that the facts should be certified to the governor is free from objection, though hardly necessary, as it may be supposed those interested would give the governor necessary information on which to act, as provided by the constitution. The last sentence of the section provides, "if the appointment be for holding a term of court, the proceedings shall be as if the special judge were the regular judge of the court." This seems to provide expressly for the signing of bills of exception by the special judge commissioned to preside at a term of court—a provision not necessary, if we are right in assuming, as we have done, that, unless otherwise plainly required, it would devolve on the judge who presided at the term of the court to sign bills of exception. Manifestly, the contemplation of the constitution is that the special judge commissioned to preside at a term of court, shall be a substitute, for the time he is authorized to preside, and does preside, of the regular judge, with all his powers and duties ; and, as bills of exceptions may be prepared and presented and signed by the judge of the court after the actual termination of the session, *nunc pro tunc*, it is to the judge who presided that the bill of exceptions is to be presented, and by whom it is to be signed. He is judge, with all the powers of such, during his term, that is, while he is to preside at the term, and after the term, he may, by virtue of the statute, sign a bill of exceptions, as to which his power is continued, this being a matter growing out of his administration as judge.

In this case, the governor, with wise circumspection, followed the constitution, and not the statute, in commissioning a special judge. In the following particulars, § 921 of the code varies from § 165 of the constitution, viz.: The constitution provides: " Whenever any judge of the supreme court or the judge or chancellor of any district in this state

shall, *for any reason*, be unable," etc.   The statute is:
" Whenever.any circuit judge or chancellor is unable, *from
sickness or other physical disability*, to attend," etc.   The con-
stitutional provision is for a special judge, " where the attor-
neys engaged therein *shall not* agree upon a member of the
bar to preside."   The statute has "*cannot agree.*"   The con-
stitution is, " be unable or disqualified *to preside at any term.*"
The statute is, "*to attend and hold any of the courts.*"   The
constitution is, " may commission  .  .  .  to *preside at such
term,* or *during such disability or disqualification,* in the place
of the judge," etc.   The statute is, "*to attend and hold said
court.*"   The constitution provides for commissioning special
judges of the supreme and circuit and chancery courts, on
the same contingency.   The statute omits the circumstance
of non-agreement of attorneys on a member of the bar to
preside in the supreme court.   The constitution contemplates
the presiding of a special judge or chancellor, only during
the disability or disqualification of the judge or chancellor,
while the statute seems to contemplate his holding a term.
The statute makes inability from physical disability the con-
tingency for a special judge or chancellor, while it makes
any inability to preside ground for a special judge of the
supreme court.

It follows, from what we have said, that the motion to
strike out the bill of exceptions signed by the regular judge
must prevail.   But it has been made known to us, during the
consideration of this motion, that the facts are that the bill
of exceptions was presented to Special Judge McLean, who
signed it in the left-hand lower corner of the concluding
page thus, " O. K., Wm. C. McLean," with a ring drawn
around it, and the purpose of this was to authenticate it as
correct to the regular judge, so he would sign it.   The ques-
tion, then, is whether this can be taken as signing by the
special judge?   We think it may and should be.   He signed
it.   True, he did not sign it with the idea that that was suf-
ficient, but his erroneous view did not hinder the legal effect

of his signing. He intended to attest it and authenticate it, not for this court, but that it might be signed by the regular judge, supposed to be necessary, but not necessary, to make it the bill of exceptions in the case; and the fact that he was the one to sign, and did sign, whatever his view, meets the requirement of the statute making signing necessary to a bill of exceptions. The numerous cases as to declarations of trust and signing required by the statute of frauds, illustrate our view of the signing in this case.

Therefore we will give opportunity to show the facts as to the signing the bill of exceptions by the special judge, and, if they shall be established as we have assumed them to be, we will consider the bill of exceptions as having been properly signed by him, and the signature of the regular judge will do no harm, but be treated as surplusage.

Afterwards it was shown that the special judge had signed the bill of exceptions in the manner suggested by the court, whereupon the motion to strike out was overruled.