## LAZARO LOPEZ *v.* CHRISTOPHER COLUMBUS JACKSON.

### MOTION.

SPECIAL JUDGE. *Constitution* 1890, *sec.* 165. *Stenographer's report of evi-
    dence. Bill of exceptions.  Code* 1892, §§ 920, 921.  *Laws* 1896, *p.* 91.

A special judge, appointed by the governor to preside in a particu-
    lar case, under constitution 1890, sec. 165, authorizing such ap-
    pointments, where the regular judge is disqualified, is empowered
    to approve the stenographer's report of the evidence and to sign a
    bill of exceptions in the cause, although the statutes (code 1892,
    §§ 920, 921, and Laws 1896, p. 91) may seem to be inconsistent
    therewith.

FROM the circuit court of Harrison county.

HON. J. IRA FORD, Special Judge.

Jackson, the appellee, was the plaintiff in the court below; Lopez, appellant, was defendant there. From a judgment in plaintiff's favor, defendant appealed to the supreme court. When the case reached the supreme court the appellee made a motion to strike from the record the stenographer's report of the evidence, because it was not agreed to by counsel or approved by the regular judge of the court. There was no pretense that the report had been agreed to by counsel under laws 1896, p. 91, and the state of the record as to the approval by the judge is stated in the opinion of the court.

*George S. Dodds* and *E. M. Barber*, for the motion.

*W. A. White* and *McWillie & Thompson*, contra.

Argued orally by *George S. Dodds*, for, and by *R. H. Thompson*, against, the motion.

Terral, J., delivered the opinion of the court.

Mr. Wood, the judge of the circuit court of Harrison county, being unable or disqualified to preside in the trial of the case of C. C. Jackson against L. Lopez, pending in the circuit court of Harrison county, said fact was duly certified, and thereupon the governor of the state, under sec. 165 of the constitution, appointed and commissioned J. I. Ford, a member of the bar of the seacoast, to preside in the trial of said cause, and he did so preside accordingly. The plaintiff obtained a judgment, and defendant, desiring to appeal said cause, had the stenographer to prepare a copy of the evidence for that purpose, and present the same to Mr. J. I. Ford for his approval. The said report of the evidence by the stenographer was duly approved and signed by said special judge, and the motion is here made to strike the same from the record as being improperly signed. The insistence is that the evidence in the case should have been approved by Mr. Wood,

the regular judge of said court. We think the evidence taken and written out by the stenographer was properly approved by Special Judge Ford. There seems to be some inconsistency between sec. 165 of the constitution and §§ 920 and 921 of the code of 1892, which, being brought forward from the code of 1880, were not revised so as to harmonize with said sec. 165 of the constitution; but the spirit of the constitution is to be carried out, though it may seemingly conflict with the statute upon the subject. We think the constitution makes the person appointed and commissioned by the governor to preside at the trial of any particular case in the circuit court for the time being and for that case the judge of the court, the trial judge, the judge; that, while the minutes of the court perhaps are to be signed by the regular judge, all orders in the case pertaining to its merits or conduct and all bills of exception should be made by such special judge, and the evidence should be approved and signed by him alone. We see nothing in *Bank* v. *Johnson*, 56 Miss., 125, decided before the adoption of sec. 165 of the constitution, inconsistent with the view here taken.

*Motion denied.*