HAMBLETT *v.* JONES.*

(Division A. Nov. 12, 1928. Suggestion of Error Overruled Nov. 26, 1928.)

[118 So. 711. No. 27401.]

*Corpus Juris-Cyc References. Judgments, 33CJ, section 30, p. 1072, n. 21.

*W. M. Donaldson,* for appellant.

*Brewer & Brewer,* for appellee.

McGowen, J.  Mary Jones, the appellee, exhibited her bill in the chancery court of Quitman county against F. M. Hamblett, the appellant, seeking a cancellation of her deed to F. M. Hamblett, the appellant, on two grounds: (1) Because she executed a deed while under the disability of minority; and (2) that she was overreached in the transaction.

There was a decree signed by the regular presiding chancellor of that district for the appellee, canceling the deed in question upon the appellee's repaying to the appellant all the money which he had paid out under and by virtue of the stipulations in the deed.  Hamblett, the appellant, prosecutes an appeal here.

We deem it unnecessary to set out the facts on the main issue in this controversy, and shall confine this decision to one point which necessitates a reversal of this case.

The decree recites, and the record shows, that the regular chancellor of the district was disqualified, and that the Honorable Rowe Hays, a member of the bar, was agreed upon by counsel to try the case, but the record further discloses that the Honorable Rowe Hays was duly commissioned by the Governor to try and dispose of this case, and it is further shown from the stenographer's notes that the said Hays was the presiding judge on the taking of the testimony.

There is a dispute in the record between counsel as to whether the case was tried by Hays by agreement of counsel or by appointment of the Governor.

The decree appears to have been based on a letter written by the Honorable Rowe Hays to the solicitors engaged in the case. The pertinent part of the decree and the letter read as follows:

"This cause this day coming on to be heard upon the original bill of complaint and Exhibits thereto, and upon answer of the defendant, F. M. Hamblett, and upon the cross-bill and supplemental answer and cross-bill, and upon answers of all cross-defendants, and upon the injunction sued out, and upon all the pleadings in the cause, it having been agreed by all the parties hereto that all issues raised by any and all of the pleadings be settled in this suit, and

"It appearing to the court that the regular Chancellor Harvey McGehee, suggested his disqualification in this one cause, and, that, thereupon Hon. Rowe Hays, a member of the bar, was selected and agreed upon to hear and decide said cause, and all the issues therein as raised by the pleadings, and that, thereupon, the said Rowe Hays, sitting in said cause, did hear and consider all the evidence, both oral and documentary, and the argument of counsel, and after mature consideration, decided said cause and gave his opinion in writing, the same being signed by him in his own handwriting and being as follows:

"'Mary Jones etc. v. F. M. Hamblett.
"'Mr. W. M. Donaldson
"'Messrs. Gore & Gore, Marks, Miss.
"'Mr. Ed. Brewer, Clarksdale, Miss.

"'Gentlemen: My views of the case as made out are such that the decree must be for complainant. That is, the deed from her to defendant will be set aside upon her repayment to him of such sum or sums of money as he has paid under the deed to her or on account of the land. Such reimbursement will bear interest at six per centum from the date of payment by the defendant. My understanding is that Hamblett has not been in possession or

had the use of the land. I take it, also, that the trust deed from the defendant to the bank insofar as it purports to be a lien on this land, if not already satisfied, will be canceled of record when a decree is entered. Otherwise, decree will make provision as to this lien. I take it that attorneys will readily agree upon the total sum to be reimbursed defendant. It follows that the relief sought by defendant in his cross-bill will be denied. Also, that the injunction sued out and granted upon his supplemental cross-bill will be dissolved. Statutory damages only will be allowed. The decree will recognize the paramount lien for attorney's fee on the land, and the assignment of the sum and lien therefor to Miss White as being good and valid. I take it that the attorneys will draft such decree as is called for by the pleadings, and my decision as to the facts and the law, and that as soon as they agree upon the decree, it will be forwarded to me to be referred to the chancellor or clerk for entry. I desire to thank attorneys for their courtesy and consideration, and particularly for able and thorough presentation of the case to me.

" 'Very truly yours,
" 'Rowe Hays.' "

The decree is signed by Harvey McGehee, chancellor. It will be observed that the letter above quoted consists of a general direction to the attorneys as to what the final decree should contain. This letter is undated, and the record shows that the case was protracted for about one year before the final decree was entered on the minutes by the regular chancellor. The decree and letter disclose that the letter cannot be construed to be the final decree approved by the special chancellor who tried the case. The amount of money to be paid is not specifically set forth therein, and the entire decree shows nothing on its face to indicate that the special chancellor ever rendered the decree signed by the regular chancellor. The letter embraced in the decree specifically directed

that the attorneys agree on the amount of money to be paid by the appellee to the appellant, and stated that the special chancellor would forward the decree agreed upon to the regular chancellor or clerk to be entered on the minutes.

In this state of case, we have been relieved from determining whether sections 752 and 753, Hemingway's 1927 Code (sections 996 and 997, Code of 1906), as to which judge shall sign a decree, are in conflict with section 165 of the Constitution. Section 752, Hemingway's 1927 Code, reads as follows:

"When the circuit judge or chancellor, by reason of interest or other cause, shall be disqualified to sit in any case, the parties may select some other member of the bar; and thereupon the judge or chancellor shall retire from the bench for the time, and the member of the bar so selected shall take his place and hear and determine the cause. The proceedings shall be entered as if the same were had before the judge or chancellor, who shall sign the decrees and orders, if necessary to be signed; and the records, minutes, and proceedings shall be and appear, in all respects, as if the cause had been heard and determined before the judge or chancellor, and this shall apply to criminal cases; or the judge or chancellor in such case may give notice thereof to the judge or chancellor of another district, and require him to attend and hold a term of the court, or such part thereof as may be necessary, where such suit may be pending; and the judge or chancellor so notified shall attend and hold such term, if the same do not conflict with any term to be held in the district to which he belongs."

It will be noted that under either section the special judge shall hear and determine the cause, and that the proceedings shall be entered as if the same were had before the chancellor, who shall sign the decrees and orders necessary to be signed, and the records, minutes, and proceedings shall appear, in all respects, as if the

cause had been heard and determined before the judge or chancellor.

The final decree is an important part of the trial of a cause. *Callicott* v. *Horn,* 137 Miss. 693, 102 So. 850. The question of whether or not the decree finally rendered is necessary to be signed by either or both the regular and special chancellors is not presented here, for the reason that this decree was not the final determination of the special chancellor whose duty it was to render a final decree.

The recitations which we have set forth in full disclose that this decree was rendered by the regular chancellor, who was disqualified so to do, and was not rendered by the special chancellor, who was empowered and qualified to act in this cause. As illustrating this, there is no finding of the amount required to be paid by Mary Jones to F. M. Hamblett, and there is no agreement of counsel that three thousand seven hundred and fifty dollars, the amount adjudged in the decree to be paid, is the correct amount. The special chancellor did not find this amount, but on the strength of the letter, the regular chancellor did adjudicate this independent fact, and, by the recitations of the decree, and the entire record, the regular chancellor is shown to have been disqualified to make any finding in this cause. The decree should properly have been prepared by counsel, and submitted to the special chancellor, who, in turn, should have submitted it to the regular chancellor of the court for entry on the minutes of the court.

The decree in this cause is not valid, and we do not think it is incumbent on us to discuss the several other questions raised in the cause. Upon another trial these questions may disappear.

*Reversed and remanded.*