## De Moe *v.* McLeod

No. 40192          June 11, 1956          87 So. 2d 906

October 8, 1956           89 So. 2d 730

*Watts & Colmer,* Pascagoula, for appellant.

484

*O. L. McLeod,* Pascagoúla, for appellee.

Kyle, J.

This case is before us on appeal by E. T. DeMoe, defendant in the court below, from a decree of the Chancery Court of Jackson County confirming the tax title of O. L. McLeod, complainant in the court below, to a parcel of land described as Lot 3, Block 18, Unit 3, Gulf Hills Subdivision, in Jackson County.

The record shows that the above described lot was assessed to the defendant, E. T. DeMoe, as the owner thereof on the assessment roll for the year 1951; that the taxes for the year 1951 were not paid, when due; and that the lot was advertised and sold on April 7, 1952, for the delinquent taxes due and unpaid for the year 1951, and was struck off to the complainant. The lot was not redeemed from the tax sale within the time allowed by law and title thereto matured in the purchaser on April 7, 1954; and the chancery clerk, on April 9, 1954, executed and delivered to the complainant a deed of conveyance conveying said lot to the complainant. Other facts necessary to a proper understanding of the points discussed in this opinion will be stated later.

The first points argued by the appellant's attorneys as ground for reversal on this appeal are (1) that the court erred in sustaining the complainant's motion to strike

certain portions of the defendant's answer; (2) that the court erred in sustaining the complainant's motion to strike the defendant's amended or supplemental answer; and (3) that the court erred in sustaining the complainant's objection to the introduction of certain exhibits offered in evidence by the defendant as shown on pages 15, 16 and 17 of the stenographer's notes.

But we think there was no error in the court's ruling on either of the above mentioned motions to strike. The portions of the defendant's answer which the court ordered stricken were not germane to the issues presented in the complainant's bill and constituted no defense to the allegations of the bill, and the motion to strike those portions of the answer was properly sustained. The defendant's amended or supplemental answer was filed without leave of court on the day the cause was set for hearing on its merits, and the court had a right under those circumstances to order that the same be stricken. It should be stated, however, that the defendant's original answer was sufficient to enable the defendant to get before the court all of the evidence in defense of the suit that he could have presented if the amended answer had not been stricken; and the defendant's interest was not prejudicially affected by the court's order to strike the amended answer.

Likewise we think there was no error in the court's ruling on the complainant's objections to the exhibits referred to on pages 15, 16 and 17 of the record. The documents which were offered in evidence and which the court excluded were not germane to any issues presented by the pleadings, and the objections to the admission of the documents in evidence were properly sustained.

It is next argued that the court erred in its finding that the assessment of the lot for taxes for the year 1951 was a valid assessment. The appellant challenges the validity of the assessment on the ground that the board

of supervisors failed to give proper notice of the meeting of the board for the hearing of objections to the assessments after the rolls had been equalized by the board at its July 1951 meeting.

The record shows that the board of supervisors, after equalizing the rolls at its July meeting, published notice to the public and to the taxpayers of the county, that the board would be in session at the courthouse, in said county, on the 8th day of August 1951 for the purpose of hearing objections to the assessments, and that the board would remain in session from day to day until all objections lawfully filed should have been disposed of. The board met in regular session on the first Monday, being the 6th day of August, and at the conclusion of the day's business the board by order entered upon its minutes recessed until Thursday, the 9th day of August. The board reconvened on Thursday, the 9th day of August, pursuant to the order of recess adopted on Monday, the 6th day of August, and at the conclusion of the day's business the board again recessed until Tuesday, the 14th day of August. The board reconvened on the 14th day of August, heard objections to the assessments and made such changes in the assessments (as fixed by it on the rolls at its July meeting) as it was satisfied should be made; and after all objections to the assessments had been disposed of, the board entered an order approving the rolls and the assessments therein contained and making the same final.

The appellant argues that, when the board failed to meet on August 8 for the purpose of hearing objections to the assessments, a new date should have been fixed by the board for the hearing of objections to the assessments, as provided in Section 9791, Code of 1942, and a new notice should have been published notifying the taxpayers that objections to the assessments would be heard on that date.

■■ ■ But we think there is no merit in that contention. We think that the board of supervisors had a right to recess its regular August 1951 meeting on Monday, August 6, 1951, until Thursday, August 9, and to recess its meeting then until Tuesday, August 14, and that the board of supervisors did not lose its jurisdiction to hear objections to the assessments at said meeting by recessing the meeting from Monday, August 6, until Thursday, August 9, instead of Wednesday, August 8, and again recessing the meeting until Tuesday, August 14. The business transacted on each of those days was transacted at the regular August meeting. The board did not adjourn until August 14, after all objections to the assessment rolls had been heard and disposed of. The appellant filed no objection to the assessment of his property, either on or before August 8, or at any time thereafter during the August meeting; and the assessment of the appellant's property became final when the board of supervisors approved the assessment rolls on August 14. The board had a right to recess its regular August meeting from day to day, or to a day certain within the period of time the board might lawfully continue in session; and the board had a right to hear objections to the assessments, on Thursday, August 9, and again on Tuesday, August 14; and it was not necessary that the board fix a new date for the hearing of objections to the assessments or publish any other notice to the taxpayers merely because they had recessed the regular August meeting from Monday, August 6, until Thursday, August 9.

■■ ■ It is next argued that the chancellor erred in refusing to hold the tax sale void because of the failure of the chancery clerk to give notice to the appellant that the lot had been sold for taxes on April 7, 1952, and that the period for redemption would expire on April 7, 1954, as provided in Section 9942, Code of 1942. But there is no merit in this contention, for the reason that the statute expressly provides that, "a failure to give the no-

tice required by this section shall not affect or render the title void.''

■■ ■ It is next argued on behalf of the appellant that the chancellor erred in confirming the appellee's tax title, in view of the fact that the certificate made by the sheriff and tax collector covering the purported tax sale recited that the sale was made on the third Monday and the 15th day of April 1952, and not on the first Monday, being the 7th day of April 1952. This point was not mentioned in the appellant's assignment of errors, and might be disregarded by us. We have examined the record on this point, however, and we find that the bill of complaint alleged that the sale was made on the 7th day of April 1952, and the defendant in his answer states that the property was sold ''on the 7th day of April 1952, for delinquent state and county taxes for the year 1951.'' It is true that the photostatic copy of the list of lands sold to individuals, which appears on page 129 of the record, recites that the land was sold on the 3rd Monday and the 15th day of April 1952. But the complainant's exhibit No. 115-K, sent up by the clerk as a part of the record, which also purports to be a copy of the list of lands sold to individuals for delinquent taxes due and unpaid for the year 1951, shows the date of sale as the 7th day of April 1952; and the deed of conveyance executed by the chancery clerk to the appellee, O. L. McLeod, after the expiration of the period for redemption, recites that the lot was sold by the tax collector on the 7th day of April 1952, according to law, for the taxes assessed thereon for the year 1951, and that O. L. McLeod became the purchaser thereof. That deed was introduced in evidence as a part of the complainant's proof.

In the case of Barron, et al. v. Eason, et al., 199 Miss. 739, 25 So. 2d 188, the Court held that where the plaintiff's entire case challenging the validity of a tax sale for delinquent taxes was based on a sale for the 1928

taxes, and all the documentary evidence showed that the sale was made for the 1928 taxes, the sale was not rendered invalid because the collector's certificate recited that the sale was on September 2, 1929, for the 1929 taxes, since a mere clerical error was involved (Laws 1920, ch. 253).

██ ██ We think that there was ample evidence in the record to support the chancellor's finding that the sale of the land for taxes due and unpaid for the year 1951 was made by the sheriff and tax collector on the first Monday, being the 7th day of April 1952.

██ ██ Finally, it is argued that the chancellor erred in taxing the appellant with two-thirds of the court costs. But the statute provides that the chancery court shall have power to decree that either party shall pay the court costs in any suit in equity, or that the same may be divided as may appear equitable. Section 1583, Code of 1942. We think that it cannot be said that the chancellor abused his discretion in taxing the defendant with two-thirds of the court costs.

The decree of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.

## ON SUGGESTION OF ERROR

ETHRIDGE, J.

██ ██ Appellant argues that the final decree of the special chancellor appointed to hear this case is void, because under the statutes he had no authority to sign the final decree, and it should have been executed by the regular chancellor. The regular chancellor certified that he was disqualified to try the case, because he was attorney for the board of supervisors during the period in question when the tax sale took place. On February 7, 1955, the Governor, acting under Miss. Constitution Sec-

tion 165, issued a commission to Hon. W. S. Murphy to try this particular case. Judge Murphy executed an oath of office to serve as special chancellor. The case was tried during the regular March 1955 term of the chancery court, with the special judge presiding in this case. After the hearing, he took the cause under advisement for rendition of a final decree in vacation. The final decree was rendered on April 4, 1955, in vacation, and was signed by the special chancellor.

Appellant contends that the final decree is void because Code of 1942, Section 1653, does not authorize or empower a special chancellor appointed to try a special case to sign the final decree, but that it must be signed by the regular chancellor, even though he was disqualified to try and decide the case. We do not think there is any merit in this contention.

Miss. Constitution Section 165 states that whenever a judge or chancellor is disqualified for any reason "to preside at any term of court, or in any case" the Governor may commission another "to preside at such term or during such disability or disqualification in the place of the judge or judges so disqualified." This is the basic constitutional provision for the appointment of special judges. It recognizes the existence of cases where the regular judge is disqualified, and the attorneys can agree upon a member of the bar to preside in the regular judge's place. Code Section 1652 also provides for an alternative method by which a judge or chancellor of another district may be required to hold a term of court or a part of it.

Constitution Section 165 further provides that the Governor may commission a lawyer to preside at a term of court or in any case, by the issuance of a commission to such special judge. This was the procedure followed here. Appellant says that, nevertheless, the special judge appointed by gubernatorial commission to try a special case, as distinguished from one appointed to hold a term

of court, cannot under the second paragraph of Code Section 1653 sign the final decree, but that the same must be done by the regular chancellor. Constitution Section 165 does not make this distinction. It provides for a commission from the Governor to a special judge to preside "at any term of court, or in any case." And where the special judge is properly commissioned, there is no reason for making the distinction suggested by appellant.

The ambiguity arises from the last sentence in Code Sec. 1653, which says that if the appointment is for the trial of a particular case the proceedings shall be as provided in Code Sec. 1652, but if for holding a term of court, the proceedings shall be as if the special judge were the regular judge of the court. It is urged that the clause in Section 1652, requiring the regular judge to sign the final decree and orders, where the lawyers have agreed upon an attorney to hear the cause, applies also to a special judge commissioned by the Governor to preside in a special case, and that he cannot sign the final decree in the case which he was commissioned to try. Judge Griffith indicates that he agrees with this view. Griffith, Miss. Chancery Practice (2d Ed. 1950), Section 88, Note 50.

We do not think that is the meaning of Section 1653. Nor was the statute intended to conflict with Constitution Section 165, authorizing a commissioned special judge to preside in a special case on a parity with one commissioned to preside at a term or during disqualification. The constitutional provision necessary encompasses the right of the commissioned special judge to sign orders and decrees in a case or cases over which he has been designated to preside. It would be an unreasonable interpretation of Constitution Section 165, and an unwarranted addition to its terminology, to conclude that it makes any such distinction.

Appellant's untenable argument is that a special judge commissioned to try a particular case can hear the case but cannot sign the final decree made as a result of the hearing, and that the regular chancellor, who did not hear the case and was disqualified to preside, must sign the final decree. So we hold that the express provision of Constitution Section 165 controls in this respect, and that the special chancellor, appointed and commissioned by the Governor to try a particular case under that section, should sign the orders and decrees in connection with that suit.

A partial explanation of the past ambiguity with reference to whether a special judge should sign a final decree arises from the fact that Section 165 of the Constitution of 1890 was the first Mississippi constitutional section which expressly provided for the appointment by the Governor of special judges in the trial courts. See Miss. Constitution 1817, Article V. Miss. Constitution 1832, Article IV, Section 9, provided for the appointment by the Governor of special judges for the High Court of Errors and Appeals only. A similar limited provision was in Miss. Constitution 1869, Article VI, Section 9. Accordingly, prior to 1890 the Legislature was dealing with a matter not provided for in the Constitution. For example, Hutchinson's Miss. Code 1848, Chapter 54, Article 14, Sections 1, 2 and 3, p. 772, established a procedure whereby either attorneys would select a member of the bar or one would be chosen by lot to hear a special case in which the regular judge was disqualified. That act further stated that the regular chancellor would sign the final decree in accordance with the decision of the special judge. See Grinstead v. Buckley, 32 Miss. 148 (1856); Rankin v. Johnson, 56 Miss. 125 (1878).

Furthermore, the application of Code Section 1653 to the present case must be considered along with Code Section 1228. The latter statute provides that a chancellor may make and sign decrees in vacation in causes tak-

en under advisement by him at a term of the court. It then states: "In suits to confirm titles to real estate or to cancel clouds upon titles to real estate, a chancellor may try any cause, deliver opinions, and make and sign decrees therein in vacation. This section shall apply also to special chancellors appointed by the governor." This is a suit to confirm title to real estate. Section 1228 in such cases expressly states that a chancellor may make and sign decrees in vacation, and that it applies also to special chancellors appointed by the Governor.

In Canal Bank & Trust Company v. Brewer, 147 Miss. 885, 910-917, 113 So. 522 (1927), a special chancellor was appointed under Constitution Section 165 to preside in a particular case in place of a regular judge, who was disqualified. He issued an injunction. A motion to dissolve the injunction was presented not to the special chancellor but to the chancellor of an adjoining district, accompanied by a certification from the regular chancellor of the district in which the suit was tried of his disqualification to try the case. The chancellor in the adjoining district, to whom the motion to dissolve was presented, heard the motion in vacation, dissolved the injunction, and overruled objections based on the proposition that the special chancellor should hear the motion. But on appeal it was held that the motion should have been submitted to the special chancellor, citing the present Code Section 1228 authorizing special chancellor's to try causes and make and sign decrees in vacation. It was said that he had full power to hear and dispose of the motion to dissolve the injunction. The court there recognized the plenary power of a special chancellor for a particular case to execute all decrees with respect to that case.

This question has not previously been decided. In I. C. R. R. Company v. Bowles, 71 Miss. 994, 16 So. 235 (1894), the special judge who was commissioned by the Governor to preside at the term of court initialed a bill of exceptions, which was signed by the regular judge. It

was held that the special judge should sign the bill of exceptions, because he was authorized to preside with all of the powers and duties of a regular judge. But the initialing of the bill of exceptions by the special judge was considered sufficient to constitute a signing of it by him. Lopez v. Jackson, 79 Miss. 460, 31 So. 206 (1901) was a case where a special judge was commissioned by the Governor to preside in a particular case. The stenographer's transcript was signed by him. It was held that he was the proper person to approve the transcript. The Court said that the person commissioned by the Governor under Constitution Section 165 to preside in a particular case is "for that case the judge of the court, the trial judge, the judge"; and that, although "perhaps" the minutes are to be signed by the regular judge, "all orders in the case pertaining to its merits or conduct and all bills of exceptions should be made by such special judge."

Hamblett v. Jones, 152 Miss. 120, 118 So. 711 (1928) does not conflict with the two preceding cases. There attorneys agreed upon a member of the bar to try a special case. It was said that a decree resulting from such hearing signed solely by the regular chancellor, who was disqualified to hear it, was invalid. It should have been submitted first to the special chancellor for his prior approval. Hence it was not necessary to determine whether the provisions in the present Code Sections 1652 and 1653 "as to which judge shall sign a decree, are in conflict with Section 165 of the Constitution." Cf. Hall Commission Company v. Crook, 87 Miss. 445, 40 So. 1006 (1906); National Box Company v. Bradley, 171 Miss. 15, 32, 154 So. 724 (1934).

## SUGGESTION OF ERROR OVERRULED

All justices concur, except *Gillespie, J.,* who dissents.