571 So.2d 239 (1990)
Darley K. HERRING
v.
Bertrand Taylor HERRING, Jr.
No. 89-CA-1166.
Supreme Court of Mississippi.
November 7, 1990.
S. Christopher Farris, Farris & Farris, Hattiesburg, for appellant.
Billie J. Graham, Leonard B. Melvin, Melvin & Melvin, Laurel, for appellee.
Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.
HAWKINS, Presiding Justice, for the Court:
Darley K. Herring appeals from a decree of the chancery court of Perry County giving custody of her daughter to her divorced husband Bertrand Taylor Herring, Jr. Because the chancellors of the district had previously entered an order recusing themselves and designating a chancellor from another district to hear the case, we find that the regular chancellor of the district had no authority to hear this case, and *240 remand this matter to be heard before the special chancellor.

FACTS
Bertrand Taylor Herring, Jr., (Bertrand) and Darley Kay Herring (Darley) married April 19, 1982, and separated June 26, 1987. The couple had one child during the marriage, Hope Monique, born January 31, 1984. Bertrand filed a complaint for divorce and Darley answered and cross-complained. Following a hearing the chancery court of Perry County, William Robert Taylor, Jr., chancery judge presiding, dismissed Bertrand's complaint, and granted a judgment of divorce to Darley upon the ground of habitual cruel and inhuman treatment on February 25, 1988. The judgment for divorce is five pages long and contains the following paragraphs:
VII.
The Court does further specifically find and adjudicate that all therein contained and alleged in Cross Plaintiff's Cross Complaint for Divorce as to the grounds thereof and as to the facts to sustain said grounds are hereby found by the Court to be further sustained as to the proof offered whereby the Court specifically finds and adjudicates that the Cross Plaintiff, Darley Kay Herring, is entitled to and is hereby awarded a full, final and complete divorce of and from the Cross Defendant, Bertrand Taylor Herring, Jr., upon the statutory grounds of habitual, cruel and inhuman treatment. The Court does specifically find as fact that the Cross Defendant is guilty of habitual, cruel and inhuman treatment, having physically abused the Cross Plaintiff at least weekly for an extended period of time. That the testimony of the Cross Plaintiff is credible and is accepted as fact by the court, in particular the Cross Plaintiff's testimony as to the Cross Defendant's unusual acts, the grossness of which will not be repeated herein and attention is directed to the record itself. The Court does expressly find that the Cross Defendant did not properly provide food and shelter for the Cross Plaintiff and the minor child of the parties during the time the parties were residing together.
... .
IX.
The Court expressly finds that the Cross Defendant is an able-bodied man, has a part time job now making approximately $490 per month, has the ability to make substantially more, but has not put forth the effort. That the Cross Defendant shall pay to the Cross Plaintiff the sum of $225.00 per month for the support and maintenance of the minor child of the parties, commencing on the 1st day of March 1988, and to be paid on the first day of each and every month thereafter until further order of this court.
Chancellor Taylor ordered Bertrand to pay $225 per month child support.
The attorney for each party signed the judgment of divorce and approved as to form. Bertrand did not take an appeal.
On April 19, 1989, Bertrand filed a petition to modify the divorce decree, alleging a change in circumstances and that in the best interest of Hope Monique she should be placed in his custody. On the same date he made a motion for a temporary hearing. Darley answered on May 2, and filed a cross-petition to cite Bertrand for contempt for failure to pay the monthly child support.
On May 1 Chancery Judge Howard L. Patterson issued a temporary order placing temporary custody of the child in Bertrand, "with the understanding that said child shall physically remain in the home of plaintiff's parents, Flora and Bertrand T. Herring, Sr., at Route 2, Box 30, Richton, Mississippi, until further ordered by this Court." The order held child support payments in abeyance until hearing on the merits.
On May 4 Darley filed a motion to set aside and vacate this order, alleging that the hearing upon which the May 1 order was based took place in April 20. The motion further alleged that under Rule 81 of the Mississippi Rules of Civil Procedure *241 (MRCP) seven days service was required before a court was authorized to proceed in such a matter.
On May 18 Chancellor Patterson entered an order vacating and setting aside the May 1 order.
On June 2 Bertrand served notice by mail upon Darley that he would bring his motion for a temporary hearing before Sebe Dale, chancery judge, at the Forrest County courthouse on June 12, 1989.
On June 15 Roy Griffin, social worker for Perry County Department of Welfare wrote letters to Chancellor Patterson and Alfred Lott, chancery clerk of Perry County, urging that custody of the child remain with the paternal grandparents. He expressed the belief that Hope Monique was in physical danger while in the home of Darley.
Perry County is in the Tenth Chancery Court District, which has three chancellors, namely: Patterson, Taylor and Sebe Dale, Jr. On August 7 Chancellor Dale entered the following recusal order as to all three chancellors:
RECUSAL ORDER
THIS DAY this cause came on to be heard on Motion of Defendant herein to appoint a Chancellor outside of this District to hear this action since the Sheriff of Perry County, Carlos W. Herring is related to the Plaintiff and works with said Chancellors and to avoid the appearance of impropriety, all three (3) Chancellors have voluntarily recused themselves from hearing this action and all Chancellors have made this decision known, each to the other, and the Chancellor signing this recusal order is also signing for the remaining Chancellors, by agreement between themselves.
IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Honorable Howard L. Patterson, Jr., the Honorable William Robert Taylor, Jr., and the Honorable Sebe Dale, Jr., be and the same hereby recuse themselves from hearing the above styled and numbered cause of action and that the Honorable Robert H. Oswald will be the presiding Chancellor in this action.
SO ORDERED, ADJUDGED AND DECREED on this, the 7th day of August, A.D., 1989.
This order was not filed until 9:00 a.m. August 14.
On August 8 Darley filed a petition for a writ of habeas corpus in the chancery court of Perry County requesting an instanter writ be issued to Bertrand and his parents and that she be given the physical custody of Hope Monique. On August 9 Robert H. Oswald, as special chancellor, issued a fiat for a writ of habeas corpus directed to the sheriff of Perry County directing him to take immediate custody of Hope Monique and deliver the child to the courtroom of the courthouse of Perry County at noon August 9 to show cause as to whether they unlawfully detained the child. Chancellor Oswald also issued the writ of habeas corpus summoning the respondents.
On August 11 Chancellor Patterson entered the following order:
ORDER
It having been brought to the attention of the Court that the above styled and numbered cause is ready for a trial setting at the present time and that an examination of the file shows that no recusal order is of record on behalf of any of the three judges of the Tenth Chancery Court District,
THEREFORE, the Court being aware of the necessity for an early hearing on the merits of this case and some possible determination on a temporary basis pending a final hearing, hereby sets the matter for a conference hearing with the undersigned chancellor and the attorneys of record for the parties on Monday afternoon, August 14, 1989 at 4:30 P.M. at the Courthouse in New Augusta, Ms., at which time the attorneys are directed to be prepared to discuss a hearing date on the merits.
SO ORDERED AND ADJUDGED, this is the 11th day of August, A.D., 1989.
*242 On August 16 Darley filed a motion for an order of the chancery court recusing Chancellor Patterson, attaching a copy of Chancellor Dale's order of August 7. The motion cited other reasons as well, among them that Chancellor Patterson had engaged in numerous conversations with Sheriff Herring, and had given him a verbal order to take the child, and that upon attempting to contact him, Chancellor Patterson's secretary had informed her he had recused himself.
Also attached to the motion were copies of correspondence from Bertrand's attorney to chancellors outside the district. On June 23 Bertrand's attorney wrote Chancery Judge Jason H. Floyd, Jr., of Gulfport and asked him if he would be willing to serve. In a subsequent letter dated August 1, Bertrand's attorney wrote Chancery Judge Kenneth P. Robertson to confirm that he would be hearing the matter.
On August 14 Chancellor Oswald issued an order, filed by the clerk August 16, re-setting the habeas corpus hearing on August 15 at 1:30 p.m. in the George County Courthouse in Lucedale.
On August 21 Chancellor Patterson entered an order directing the Perry County Welfare Department to put its findings in writing, and obtain the cooperation of the Jones County Welfare Department. Chancellor Patterson also directed the welfare department to make a home study of Bertrand and his parents. The Perry County Welfare Department filed a report August 22.
Chancellor Patterson held a hearing on the motion for recusal order on August 21. Darley testified, Perry County Sheriff Carlos Herring testified, and the attorneys for each side testified. Following the hearing, Chancellor Patterson stated that ordinarily he would recuse himself because of the confusion existing in the proceedings. However, because it was important a hearing be held before school started, and because he considered upon reflection that he was impartial, he overruled the motion and set a hearing before himself September 1.
On August 23 Chancellor Patterson entered an order overruling the motion for his recusal.
ORDER OVERRULING MOTION FOR RECUSAL
This cause came on this day for hearing on the Motion filed by Darley K. Herring requesting that Honorable Howard L. Patterson, Jr., recuse himself upon a trial of this matter, and that the Court being advised in the premises and having heard testimony in support of the Motion is of the opinion and doth find that the same should be and it is hereby overruled.
IT IS, THEREFORE, ORDERED. ADJUDGED AND DECREED, that the Motion of Darley K. Herring for Howard L. Patterson, Jr., to recuse himself should be and the same is hereby overruled.
IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, that this matter be set for hearing in full on the merits on Friday, September 1, 1989, at the Courthouse in Hattiesburg, Mississippi.
There is also what apparently is a handwritten notation to the order directed to Chancellor Oswald:
Dear Bob 
I am sorry that you were bothered with this matter, but the attorneys thought that they were in too big of a hurry to wait on us  however, I think that we will be able to arrange an early hearing date at our conference on Monday so that the matter can be heard in the District, as is now being requested.
Thank you for your offer to help.
 Pat
On September 1 Bertrand and Mr. and Mrs. Herring filed a response to the petition for habeas corpus, and the modification petition was heard.
On September 8 the Jones County Welfare Department filed a report of the living conditions at Darley's residence in Jones County with her brother and sister-in-law Roy and Mary Stevens. The report stated *243 the residence was a mobile home and its meager, unsatisfactory physical facilities were not a suitable habitat for the child.
On September 20 Chancellor Patterson entered an order giving custody of Hope Monique to Bertrand, and Darley limited visitation privileges.
Darley's adult brother Kenneth Stevens spanked Hope Monique harshly and bruised her buttocks March 25, 1989. This precipitated the petition to change custody. At the time Darley and Hope Monique lived with Darley's mother, Mrs. Doris Stevens, in Perry County. Bertrand took the child to a physician who examined her, and the welfare department also investigated the case. Darley moved out of her mother's home and went to live with her sister in Jones County. Because this matter is being reversed for another hearing on the merits, we need not further detail the facts as to the March 25, 1989, incident.
Miss. Code Ann. § 9-1-105 (Supp. 1990), Ch. 587, § 3, Laws 1989, became effective April 25, 1989. Subparagraphs (5) and (6) of Miss. Code Ann. § 9-1-105 authorize the trial judges of a district to agree among themselves, when they deem themselves disqualified to serve, to appoint a judge from outside the district to hear a case.[1]
From the order entered by Chancellor Dale on August 7, 1989, appointing Chancery Judge Robert H. Oswald of Pascagoula to hear this case, this is apparently what transpired.
Chancellor Patterson at no place in the record suggests that the August 7 order of Chancellor Dale is not entirely accurate. There is no order vacating the August 7 order of Chancellor Dale. There is no suggestion that Chancellor Dale's order was invalid or should be vacated. Insofar as this record goes, Chancellor Dale's order, reciting that it was a furtherance of the agreement between all three chancellors, is of the same effect as if it had been signed by Chancellor Patterson as well. If the trial judges from the same district agree that they are disqualified to hear a certain case, it certainly should not be required as a precedent for the appointment of a special judge that the two, or three of them all sign the recusal order. Of course, if Chancellor Dale had in fact acted without Chancellor Patterson's consent and agreement in entering the August 7 order, we would have an entirely different matter. There is no suggestion, however, but that Chancellor Dale's order was entirely accurate when it stated that all three had agreed between themselves for the appointment of Chancellor Oswald.
In the absence of some valid order setting aside the August 7 order of Chancellor Dale, the only person authorized to hear this case was Chancellor Oswald. Hamblett v. Jones, 152 Miss. 120, 118 So. 711 (1928); De Moe v. McLeod, 228 Miss. 481, 89 So.2d 730 (1956).
Moreover, Chancellor Oswald had at least color of authority to act pursuant to Chancellor Dale's August 7 order. Having assumed his duties as special chancellor under this order and issued a fiat and writ, and subsequently entered an order rescheduling the hearing for a later date, he was a de facto judge whose orders were *244 not subject to collateral challenge. Crocker v. Sears, Roebuck & Co., 346 So.2d 921 (Miss. 1977).
An order will therefore be entered remanding this matter to Chancellor Oswald to hear forthwith.
Darley also assigns as error the refusal of the chancellor at the hearing on the merits to permit her to adduce proof of Bertrand's treatment of her and the child prior to the divorce. Had the divorce decree found no merit to her charges of habitual cruel and inhuman treatment, then of course, the chancellor would have been manifestly correct in refusing to hear such evidence. The reverse was the case, however, and such evidence was manifestly material on the fitness of Bertrand to have custody of Hope Monique. White v. Brocata, 35 So.2d 455, 456 (Miss. 1948); see, judgment of divorce, supra. We make this holding because the question no doubt will arise upon retrial.
REVERSED AND REMANDED WITH ORDER DIRECTING THAT CHANCELLOR ROBERT H. OSWALD OF THE SIXTEENTH CHANCERY COURT DISTRICT HEAR THIS CASE.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Miss. Code Ann. § 9-1-105(5), (6) provides:

§ 9-1-105. Physical disability or sickness; absence of judicial officer from state, etc.; appointment of special judge to serve on emergency basis.
(5) When a judicial officer is unwilling or unable to hear a case or unable or unwilling to hold court for a period of time not to exceed two (2) weeks, the trial judge or judges of the affected district or county and other trial judges may agree among themselves regarding the appointment of a person for such case or such limited period of time. The trial judges shall submit a notice to the Chief Justice of the Supreme Court informing him of their appointment. If the Chief Justice does not appoint another person to serve as special judge within seven (7) days after receipt of such notice, the person designated in such order shall be deemed appointed.
(6) A person appointed to serve as a special judge may be any presently sitting or retired chancery, circuit or county court judge or Supreme Court Justice, or any other person possessing the qualifications of the judicial office for which the appointment is made; provided, however, that a judge or justice who was retired from service at the polls shall not be eligible for appointment as a special judge in the district in which he served prior to his defeat.